IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATE OF WALTER MATTHEWS, by its special administrator, Laurie Matthews,

                Plaintiff,

v.

DANIEL WINKLESKI and JOHN DOES 1–20,

                Defendants.

OPINION and ORDER

22-cv-708-jdp

---

Walter Matthews died of a fentanyl overdose while he was incarcerated in New Lisbon Correctional Institution. Matthews's estate is suing Daniel Winkleskli (the prison warden) and numerous unnamed employees under the Eighth Amendment for failing to prevent Matthews's death by stopping fentanyl from coming into the prison. Winkleski moves to dismiss the claims against him for failure to state a claim and the claims against the John Doe defendants as untimely. Dkt. 20. For the reasons explained below, the court will grant the motion to dismiss, but the estate will have an opportunity to file an amended complaint that fixes the problems with the claims against Winkleski.

ANALYSIS

The estate asserts two sets of claims: (1) a failure-to-protect claim under the Eighth Amendment against all defendants; and (2) an Eighth Amendment claim against Winkleski for failure to train, supervise, and discipline his employees. It isn't necessary to discuss the claim for failing to train, supervise, or discipline because the estate agrees to dismiss that claim. Dkt. 23, at 8. Winkleski's arguments regarding the failure-to-protect claim against him are

different from those made on behalf of the Doe defendants, so the court will discuss Winkleski and the Doe defendants separately.

**A. Winkleski**

The estate's allegations regarding Winkleski's alleged failure to protect Matthews are set forth in paragraphs 19 through 23 of the amended complaint:

- Paragraph 19: Winkleski and the other defendants "deliberately disregard[ed] the entry and distribution of opioids and other controlled substances in New Lisbon."

- Paragraph 20: Winkleski "knew or should have known that opioids and other controlled substances were being entered and distributed in New Lisbon and that Matthews and other inmates would have been seriously harmed if the controlled substances were allowed to enter into the New Lisbon."

- Paragraph 21: Winkleski failed to prevent opioids and other controlled substances from entering the prison.

- Paragraph 22: Winkleski violated Matthews's constitutional rights by failing to protect him and prevent his death.

- Paragraph 23: "[I]t is believed that [Winkleski] had knowledge of the illegal drugs coming into New Lisbon but failed to personally take corrective action to prevent such drugs, including investigating of guards and employees of the prison as a potential source of the drugs entering the prison."[1]

---

[1] Paragraph 12 also includes allegations about the same claim, but those allegations are redundant of paragraphs 19 through 23.

In evaluating these allegations to determine whether they state a claim under the Eighth Amendment, the court may not consider conclusory allegations or mere restatements of the elements. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Rao v. BP Products North America, Inc.*, 589 F.3d 389, 398–99 (7th Cir. 2009). After those types of allegations are removed, what remains are allegations that Winkleski "knew or should have known" that opioids or illegal drugs were coming into prison and that Winkleski failed to stop that from happening, such as by investigating employees as potential sources of the drugs. At the pleading stage, the question is whether those allegations provide enough context to state a plausible claim, or, stated another way, whether the allegations give notice to Winkleski regarding what he is accused of and allow the court to draw the reasonable inference that Winkleski is liable for the misconduct alleged. *See Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 356 (7th Cir. 2020); *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020).

The estate's allegations do not meet the above standard. To begin with, an allegation that Winkleski "should have known" that drugs were coming into the prison suggests negligence (a claim the estate doesn't assert), not an Eighth Amendment violation. The estate cites *Brokaw v. Mercer County* for a "reasonably should have known" standard. 235 F.3d 1000, 1012 (7th Cir 2000). But *Brokaw* was setting forth the standard for causation under 42 U.S.C. § 1983; it was not summarizing the elements of a claim under the Eighth Amendment, which was not asserted in *Brokaw*. To prevail on a failure-to-protect claim under the Eighth Amendment, the plaintiff must show that the defendant *actually* knew of a strong likelihood of serious harm to the prisoner and that the defendant refused to take reasonable measures to help the prisoner. *See Lisle v. Welborn*, 933 F.3d 705, 716–17 (7th Cir. 2019); *Rice ex rel. Rice v. Corrections Medical Services*, 675 F.3d 650, 665 (7th Cir. 2012); Seventh Circuit Pattern

3

...

Instruction 7.16 (2017). So an allegation that Winkleski should have known about a drug problem isn't enough.

The complaint includes an allegation that the estate "believes" that Winkleski did know about drugs coming into the prison. But the estate admits in its brief that it has no basis for that belief. It says, "All that is known is that Matthews died, while in custody, under very suspicious circumstances. His death could be the result of just tragic facts, or his death could be the result of deliberate indifference or cruel and unusual punishment." Dkt. 23, at 5. The estate doesn't explain what it means by "very suspicious circumstances." But the only circumstances it discusses are that Matthews died from an overdose of a substance that shouldn't have been in the prison in the first place, not that Winkleski knew about a drug problem in the prison.

"When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that he believes to be true." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011). In this case, the estate is acknowledging that it has no basis—not even second-hand information—for inferring what Winkleski knew or didn't know. That's a problem because a complaint must be based on more than speculation. *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020).

But even if the court assumes that the estate plausibly alleged Winkleski's "knowledge of the illegal drugs coming into the prison," Dkt. 12, ¶ 23, that wouldn't help the estate because the estate was also required to plausibly allege knowledge that prisoners like Matthews would likely be seriously harmed. "[C]onclusory allegations that the[] defendants had the requisite

4

state of mind" aren't enough. *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 (7th Cir. 2021) (allegation that the defendant "knew that [the plaintiff] would suffer personal injuries" was not sufficient to support an Eighth Amendment claim). Not all drugs or even all opioids are equally dangerous. The estate does not allege that Winkleski knew of a fentanyl problem in particular, that any drug problem was widespread in the prison, or that there had been any other drug overdoses among prisoners in recent history. Simply knowing that some controlled substances were making it into the prison would not put Winkleski on notice of a strong likelihood that Matthews or any other prisoner would suffer from a drug overdose.

An Eighth Amendment claim requires more than a generalized risk of harm. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). For example, in *Thomas v. Dart*, the plaintiff had been assaulted by another detainee, and he sued jail staff for failing to protect him. 39 F.4th 835, 842–43 (7th Cir. 2022). The court held that it wasn't enough for the plaintiff to allege that the defendants knew that he suffered from a mental illness that subjected him to a heightened risk of being assaulted. *Id.* The court reasoned that "general risks of violence in prison confront virtually every detainee," and an increased risk based solely on the detainee's mental illness didn't give officers sufficient notice. *Id.* Just as there is always some risk of violence in prison, there is also some risk that prisoners will obtain contraband, such as illegal drugs. Under the estate's view, any warden who failed to stop drugs coming into the prison could be held liable under the Eighth Amendment. That is not the law.

The estate says that it should not be required to plead more facts because Matthews is deceased, and it does not have access to the relevant information. It cites the statement in *Tankersley v. Albright* that "conclusory pleading on 'information and belief' should be liberally viewed" when "pleadings concern matters peculiarly within the knowledge of the defendants."

514 F.2d 956, 965 n.16 (7th Cir. 1975). *Tankersley* was decided long before *Twombly* "retooled federal pleading standards." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614 (7th Cir. 2007). But even after *Twombly*, the court of appeals has observed that the "[p]laintiffs' pleading burden should be commensurate with the amount of information available to them." *Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015).

This principle does not help the estate. As an initial matter, the estate simply states as self-evident that it had no way of obtaining more information. But it does not say that it was thwarted in seeking information through an open records request, *see* Wis. Stat. § 19.31, conducting interviews with staff or prisoners, or simply asking prison staff for information surrounding Matthews's death. In any event, even in cases like *Olson*, the court of appeals confirmed that the plaintiff's allegations must "raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Id.* In *Olson*, the claim was that two officers had lied to obtain a warrant and then arrested the plaintiff without probable cause. The plaintiff did not identify specific false statements in the complaint, but he "recount[ed] in detail the investigation leading up to [his] arrest and the absence of evidence implicating him in any theft." *Id.* So it was reasonable to infer, even without specific statements, that the officers had lied. *Id.*

In this case, the estate admits that it is just guessing. It knows only that Matthews died by overdosing on fentanyl. It has no basis for believing that the Winkleski knew that there was a strong likelihood that Matthews or any other prisoner would overdose on fentanyl or that Winkleski was disregarding any risk that he was aware of. A plaintiff may not come to federal court without any basis for its claim other than a tragic outcome and then contend that the defendant must have violated the law. In every case, "[f]actual allegations must be enough to

6

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The estate's allegations don't do that, so the court will dismiss the failure-to-protect claim against Winkleski.

The estate all but concedes that it has no more information that could support its claim. But the general rule is to allow the plaintiff to amend the complaint if the court concludes that the complaint doesn't plead enough facts. *See Powers v. Snyder*, 484 F.3d 929, 933 (7th Cir. 2007). It is possible that the estate could correct the defects in the complaint, so the court will give the estate an opportunity to file an amended complaint.

### B. John Does

The estate says that the John Doe defendants are the deputy warden and "guards, officers, or employees at New Lisbon and/or the State of Wisconsin [who] were acting within the scope of the duties of their employment." Dkt. 12, ¶ 9. The estate raises the same Eighth Amendment claim against the Does as it does against Winkleski, and it fails for the same reason. The estate includes no additional allegations against the Does, so the failure-to-protect claim against them fails to state a claim. Although Winkleski does not represent the John Does, a court may dismiss a party on the court's own motion if the court is dismissing other parties on the same ground. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 384–85 (7th Cir. 2008).

The only question is whether the estate should be granted leave to replead the claim against the John Does. Winkleski says no because any amendment would be untimely: the estate filed its original complaint one day before the statute of limitations expired, and amendments to identify John Doe defendants do not relate back to the date of the original complaint. *Herrera v. Cleveland*, 8 F.4th 493, 498–99 (7th Cir. 2021). So if and when the estate

7

substituted named defendants for the John Does, Winkleski contends that the claims would be barred by the statute of limitations.

The estate asserts two arguments in response. First, it says that Winkleski "lacks standing" to make arguments for the John Does. Regardless of whether that's true, the court may raise any affirmative defense, including statute of limitations, that is clear from the face of the complaint. *Kauthar v. SDN BHD v. Sternberg*, 149 F.3d 659, 670 n.14 (7th Cir 1998). In this case, the complaint alleges that Matthews died on December 14, 2019. Dkt. 12, ¶ 4. As of 2018, the statute of limitations for an Eighth Amendment claim in Wisconsin is three years, *see Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018), so the statute of limitations expired on the Doe claims in December 2022, just after the estate filed this case. Under *Herrera*, a claim against a John Doe is filed for statute-of-limitation purposes on the date the Doe is identified, not on the date the original complaint was filed. So it is clear from the face of the complaint that the Doe claims are barred by the statute of limitations.

Second, the estate cites cases in which the court of appeals has held that plaintiffs who state a claim against unknown defendants should be allowed to proceed against a high-ranking official so they can learn the identities of defendants in discovery. *Rodriquez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555-56 & n.3 (7th Cir. 1996). Those cases have nothing to do with the statute of limitations, so they are not instructive.

*Herrera* acknowledges that equitable tolling may be appropriate for the purpose of identifying a Doe defendant, but only when the plaintiff shows that it diligently pursued the claim, and some extraordinary circumstances prevented the plaintiff from naming the Doe within the statute of limitations period. 8 F.4th at 499. In this case, the estate does not explain

why it waited until the end of its limitations period to file this lawsuit, and it doesn't otherwise try to show that it diligently pursued its claim before filing the lawsuit.

The court concludes that the estate has not shown that it is entitled to equitable tolling, so its claims against the Doe defendants would inevitably be untimely. The court will dismiss those claims with prejudice.

ORDER

IT IS ORDERED that Daniel Winkleski's motion to dismiss, Dkt. 20, is GRANTED. The Estate of Walter Matthews's claims against Winkleski are DISMISSED without prejudice. The estate may have until February 19, 2024, to file an amended complaint that corrects the defects identified in this order. The estate's claims against John Does 1–20 are DISMISSED with prejudice.

Entered January 29, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge